IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALBERTO RODRIGUEZ, <br><br> Defendant. | Case No. 02-CR-464-5 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Defendant Alberto Rodriguez seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. [804]. For the reasons herein, this Court denies Rodriguez's motion for a reduced sentence. [804].

**I.  Background**

On December 18, 2002, a grand jury returned a multicount indictment charging Mr. Rodriguez with various racketeering and drug trafficking offenses. [52]. On November 17, 2004, a superseding indictment charged Mr. Rodriguez with the same offenses. [368]. Count One charged Mr. Rodriguez with racketeering in violation of 18 U.S.C. § 1962(c) and Count Fifteen charged Mr. Rodriguez with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *Id*. On December 10, 2004, Mr. Rodriguez entered a plea of guilty to Counts One and Fifteen. [381]. On March 15, 2005, the Court sentenced Mr. Rodriguez to a term of 216 months on Count One and 84 months on Count Fifteen, to

1

be served consecutively. [420]. Residential Reentry Management in Orlando, Florida, released Mr. Rodriguez on February 22, 2024.[1]

Mr. Rodriguez, acting pro se, now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 of the Sentencing Guidelines. [804]. The Government opposes, arguing neither Part A nor Part B of Amendment 821 effectively lower Mr. Rodriguez's sentencing guideline range. [822].

## II. 18 U.S.C. § 3582(c)(2)

### A. Standard of Review

18 U.S.C. § 3582(c)(2) allows a district court to reduce a defendant's sentence if they were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court can make such a reduction that is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Courts may take such action upon their own motion, or that of a defendant or the Bureau of Prisons. *Id*.

*Dillon* sets forth a two-prong analysis where "[a]t step one, § 3582(c)(2) requires the court to follow the Commission's instruction in § 1B1.10" to determine eligibility for a sentence reduction. 560 U.S. at 827. Second, the court must consider the applicable § 3553(a) factors to determine whether the sentence reduction is warranted. *Id*. "§ 3582(c)(2) does not authorize a resentencing [i]nstead, it permits a

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 19, 2024).

sentence reduction within the narrow bounds established by the Commission." *Dillon v. United States*, 560 U.S. 817, 831 (2010). Critically, this Court may only reduce a sentence if the pertinent amendment would *effectively lower* the defendant's applicable guideline range. *See, e.g.*, *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Amendment 821 Part A to the United States Sentencing Guidelines, made effective in November 2023, modified the application of status points associated with a defendant's criminal history. U.S.S.G. § 4A1.1(e) (2023). The amendment zeroes out status points for an individual with six or less criminal history points, while individuals with seven or more criminal history points receive only one status point instead of two. *Id.*

Amendment 821 Part B, Subpart 1, also effective in November 2023, instituted a two-level reduction for some offenders' Chapter Two offense level. U.S.S.G. § 4C1.1 (2023). Courts may reduce a sentence when offenders have no criminal history points, and the charged offense did not involve the criteria listed under § 4C1.1(a)(2)-(10). *Id.* As of February 1, 2024, Amendment 821 applies retroactively. *See* U.S.S.G. § 1B1.10(d) (2023).

### B. Neither Amendment 821 Part A, Nor Part B Subpart 1 Reduces the Applicable Sentencing Guideline Range

"[T]his Court may only reduce a sentence if the pertinent amendment would *effectively lower* the defendant's applicable guideline range." *See, e.g.*, *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) (emphasis added). Mr. Rodriguez's Presentence Investigation Report calculated an offense level of 35 and a criminal

3

history category of III (adding four points for prior criminal convictions and two status points for six total points). [851]. Both parties agreed with this calculation. [523] at 3 (Sentencing Tr. 3/15/25). Mr. Rodriguez's guideline range came out to 210 to 262 months for Count One, followed by a consecutive 84 months for Count Fifteen. [822] at 2, 4. The Court sentenced Mr. Rodriguez within the guidelines range to a term of 216 months for Count One and 84 months for Count Fifteen, for a total term of 300 months. [420]; [523] at 10.

The Government does not dispute that Mr. Rodriguez is eligible for the reduction in status points under Amendment 821 Part A, reducing his criminal history score from six to four. [822] at 4. However, this Court agrees with the Government that a criminal history score of four, five, or six, all correspond to a criminal history category of III. Therefore, the reduced status points do not alter Mr. Rodriguez's criminal history category.

Mr. Rodriguez is also ineligible for the two-point reduction under Amendment 821 Part B Subpart 1. That provision specifies that a defendant is eligible for the two-point reduction only if they have zero criminal history points. Mr. Rodriguez had four criminal history points. [822] at 8.

### C. Even if Amendment 821 Reduced the Guideline Range, It Does Not Extend to Individuals No Longer Incarcerated

Section 1B1.10(b)(2)(C) of the Sentencing Guidelines explains that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). As such, "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced

under this section." *Id.* (Application Note 8(A)). "Our authority to grant § 3582(c)(2) relief to [defendant] vanished once he served his entire term of imprisonment, regardless of whether he is on supervised release as a result of his conviction." *United States v. Wilson*, 799 Fed. Appx. 792, 794 (11th Cir. 2020).

Here, Mr. Rodriguez was released on February 22, 2024.[2] Even if Amendment 821 as applied would have reduced Mr. Rodriguez's sentence, he has already completed the ordered incarceration time. Mr. Rodriguez is therefore ineligible for a sentence reduction under Amendment 821.

### III. Conclusion

For the stated reasons, this Court denies Alberto Rodriguez's motion for a reduced sentence, [804] and finds him ineligible for a reduced sentence under 18 U.S.C. § 3582(c)(2).

E N T E R:

Dated: September 3, 2024

MARY M. ROWLAND
United States District Judge

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited July 19, 2024).

5